# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* GAINES/SCHUG/MILLER, Minors.

UNPUBLISHED
August 14, 2018

No. 341878
Calhoun Circuit Court
Family Division
LC No. 2013-000548-NA

Before: MURPHY, P.J., and GLEICHER and LETICA, JJ.

PER CURIAM.

The circuit court terminated respondent-mother's rights to her four children because she and her boyfriend abused, tortured, and starved her young son. Respondent contends that the termination of her rights was unconstitutional. Her claim lacks any arguable merit and we affirm.

## I. BACKGROUND

The Department of Health and Human Services (DHHS) took respondent's four children into care on an emergency basis after her four-year-old son, MG, was hospitalized on the verge of death, showing signs of severe physical abuse. MG also suffered from malnutrition, dehydration, and hypothermia. The serious abuse led to the development of gangrene on the tips of MG's toes, impairing his ability to walk, and has caused lasting cognitive and emotional disabilities.

Respondent's other children also showed signs of neglect and malnutrition and were infested with lice. Respondent's eldest daughter, RG, described acts of physical and sexual abuse against the children. RG asserted that she and MG were forced to fight each other as punishment and were often locked in a closet for long periods of time. During a home inspection, a Child Protective Services investigator found human waste inside a closet, supporting the child's allegations.

Despite the severity of the children's conditions and despite that respondent was then in jail awaiting trial on first-degree child abuse charges, the court ordered the DHHS to provide services toward reunification. Respondent participated in services that were available at the jail, which were not necessarily services that would rectify the conditions that led to the removal of her children.

-1-

Nine months later, the court finally conducted a termination hearing. Respondent blamed her mistreatment of her children on her boyfriend, Isaac Miller. She claimed that she beat and starved her children to avoid being beaten by Miller. Respondent's mother also blamed respondent's behavior on Miller, noting that respondent had successfully participated in services to retain custody of her eldest two children in 2013. Ultimately, the court terminated respondent's rights to all of her children pursuant to MCL 712A.19b(3)(b), (g), (j) and (k), stating, "this is one of the most severe cases of abuse that this Court has encountered in close to 20 years working with children." While this appeal was pending, respondent pleaded no contest to one count of first-degree child abuse and was sentenced to 25 to 50 years' imprisonment.[1]

## II. ANALYSIS

Respondent contends that the circuit court violated her constitutional right to parent her children by terminating her parental rights despite evidence that she could be rehabilitated and that the abuse was caused by Miller's presence in the home. Respondent further asserted in her April 23, 2018 appellate brief that it was in the best interest of her children to remain in a wardship while she was incarcerated but that they should be returned to her care upon her release.

Parents have a fundamental constitutional right "in the companionship, care, custody, and management of their children." *In re Sanders*, 495 Mich 394, 409; 852 NW2d 524 (2014) (quotation marks and citations omitted). The parent's rights do "not evaporate simply because they have not been model parents or have lost temporary custody of their child to the State." *Santosky v Kramer*, 455 US 745, 753; 102 S Ct 1388; 71 L Ed 2d 599 (1982). However, "[a] parent's right to control the custody and care of her children is not absolute, as the state has a legitimate interest in protecting 'the moral, emotional, mental, and physical welfare of the minor' and in some circumstances 'neglectful parents may be separated from their children.' " *Sanders*, 495 Mich at 409-410, quoting *Stanley v Illinois*, 405 US 645, 652; 92 S Ct 1208; 31 L Ed 2d 551 (1972). To protect both the rights of the parents and the children, "all parents 'are constitutionally entitled to a hearing on their fitness before their children are removed from their custody.' " *Id*. at 412, quoting *Stanley*, 405 US at 658.

Respondent pleaded no contest at the adjudication, admitting parental unfitness and allowing the court to take jurisdiction over her children. Thereafter, the court could terminate respondent's parental rights if it found "by clear and convincing evidence" the existence of at least one statutory ground for termination under MCL 712A.19b(3). *In re Trejo*, 462 Mich 341, 355; 612 NW2d 407 (2000). Here, the court found termination supported by four statutory grounds. Respondent does not challenge the evidentiary support for those factors. Accordingly, the court was required to terminate respondent's parental rights if it determined "that termination of parental rights is in the child's best interests." MCL 712A.19b(5).

---

[1] See <http://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=469009> (accessed July 25, 2018).

Respondent admits that the court had grounds to take jurisdiction over her children given her incarceration on child abuse charges. However, she contends that termination of her parental rights was "hasty" and was not in her children's best interests because "she was presumed innocent, and could have been acquitted of those charges." This point is moot as respondent has since pleaded no contest to first-degree child abuse and will be imprisoned until her children are adults.

Respondent contends that she is capable of rehabilitation, negating the court's best-interest determination. As evidence of this, respondent emphasizes that her children were removed from her care in 2013 based on domestic violence in the home and that she regained custody after successfully completing services. The DHHS has a duty to provide services to reunify a parent and child absent extenuating circumstances. The parent has a commensurate duty to participate in and benefit from the services offered. *In re Frey*, 297 Mich App 242, 248; 824 NW2d 569 (2012). Respondent did not truly benefit from the services provided in the 2013 case. Although respondent temporarily avoided relationships marred by domestic violence, she entered a relationship with Miller that was far worse. Not only did respondent fall victim yet again to violence at the hands of her partner, she allowed that partner to physically and sexually abuse her children. And respondent physically abused, neglected, and tortured her own children. Respondent's challenge is therefore completely without merit.

Respondent's constitutional right to parent her children does not outweigh her children's right to be free from life-threatening abuse at their mother's hands. Respondent has not established that the court violated her rights by protecting her children.

We affirm.

/s/ William B. Murphy
/s/ Elizabeth L. Gleicher
/s/ Anica Letica